IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIAOJ ZHENG,  )  | Civil Action No:_____ |
| ) | Rel: 1:15-cv-09298-PAE |
| Plaintiff,  ) | |
| v.  ) | |
| ) | |
| CREDICO (USA) LLC, CROMEX INC.,  ) | |
| AND MEIXI XU,  ) | |
| ) | |
| Defendants.  ) | |

## COMPLAINT AND JURY DEMAND

### I.   INTRODUCTION

1.   Xiaoj Zheng ("Plaintiff") brings claims against Credico (USA) LLC ("Credico"), Cromex Inc. ("Cromex"), and Meixi Xu (collectively, "Defendants") for retaliation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. and the New York Labor Law, Article 20-C § 740.  Plaintiff also brings a claim against Defendant Meixi Xu for tortious interference with contractual relations.  Plaintiff worked for Credico, and one of its subcontractors, Cromex, owned by Meixi Xu, promoting free cell phones and wireless service plans through face-to-face marketing.  Mr. Zheng alleges that Defendants have misclassified him as an independent contractor when in fact the nature of the parties' relationship constituted that of an employer-employee under the FLSA and New York Labor Law.  In July 2016, Mr. Zheng, along with three other workers, filed a class and collective action which named Credico, Cromex, and Meixi Xu as defendants.[1]  The suit alleged that Defendants had misclassified Mr. Zheng and other workers performing face-to-face marketing work for Defendants had been

---

[1] The full case caption is Vasto et al. v. Credico (USA) LLC et al., No. 1:15-cv-09298-PAE (S.D.N.Y.).  Because this case arises out of the same set of events as those alleged in the Vasto case, it is being filed as a related case.

1

misclassified as independent contractors, in so doing, had failed to pay them minimum wage for all hours worked, or overtime for hours worked over 40.  Shortly after this case was filed, Mr. Zheng was informed by his direct supervisor that Cromex and Meixi Xu were aware of the case, and that he was terminated.  Credico, Cromex, and Meixi Xu terminated Mr. Zheng in retaliation for exercising his rights under the FLSA and the New York Labor Law, and in direct interference of his contractual relations with Credico and Cromex.  Plaintiff seeks restitution of all back pay, front pay, and damages for emotional distress, as well as any other relief to which he may be entitled.

## II.   PARTIES

2. Plaintiff Xiaoj ("John") Zheng is an adult resident of Brooklyn, New York.  Plaintiff worked for Credico and Cromex providing face-to-face marketing services for their clients in New York, New York from February 2015 to August 2015.

3. Defendant Credico (USA) LLC ("Credico") is a Delaware corporation with its principal place of business located at 525 W. Monroe Street, Suite 2350, Chicago, Illinois 60661.

4. Defendant Cromex, Inc. ("Cromex") is a New York corporation with its principal place of business located at 40 Exchange Place, Suite 600, New York, New York 10005.

5. Defendant Meixi ("Corona") Xu is an adult resident of Texas.  Ms. Xu was the owner/director and manager of Cromex in 2015.  During the time that Mr. Zheng worked for Cromex, Ms. Xu supervised the workers who provide face-to-face marketing services for Credico and Cromex's clients.

## III.   JURISDICTION AND VENUE

6. This court has general federal jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff has brought claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

7. This court has supplemental jurisdiction over Plaintiff's New York state law claims and common law claims because these claims are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

8. The Southern District of New York is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff worked for Defendants in New York, New York, where a substantial part of the events giving rise to Plaintiff's claims occurred.

9. This court has personal jurisdiction over Defendants because Defendants employed Plaintiff's services, and have violated the FLSA, New York Labor Law, and the common law, in New York, and have chosen to maintain a corporate presence in, and substantial contacts with, New York.

## IV. STATEMENT OF FACTS

### A. The Relationship between Credico and Cromex

10. Defendant Credico contracts with companies in the telecommunications, financial services, and energy industries, as well as charitable organizations, to provide face-to-face marketing services for these clients through its network of workers located around the country.

11. Credico's clients have included six Fortune 500 companies, including Verizon Communications, Inc., Sprint/United Management Company, Inc. and Comcast Cable Communications.

12. In order to provide face-to-face marketing services for its clients, Credico has created a nationwide network of subcontractors, and its workers must associate with one of those companies.

13. Defendant Cromex is one of the face-to-face marketing subcontractors in Credico's network. Defendant Meixi ("Corona") Xu is the owner/director and manager of Cromex.

14. Credico's clients pay Credico each time one of Cromex's workers signs up a qualified customer for its services. Credico pays a portion of this fee to Cromex, which pays a $10 fee to the worker who signed up the customer.

15. Like other companies in Credico's network, Cromex is required to train its workers according to Credico's "Management Training Program." This program dictates the way in which Cromex trains its workers, and the manner in which workers can approach prospective customers.

16. Credico's Management Training Program also dictates the manner in which Cromex's workers do their jobs including the structure of their work day, and the number of hours worked.

17. During the relevant time period, Credico's Regional Director, Tommy Smith, worked out of the same office space as Cromex, at 40 Exchange Place, New York, New York.

18. Mr. Smith reported to Credico's headquarters in Chicago, Illinois.

19. Mr. Smith frequently participated in meetings with Mr. Zheng and other Cromex workers, and has exercised his authority to terminate Cromex's workers.

   **B. Credico and Cromex were Plaintiff's Joint Employers**

20. While working for Credico and Cromex, Plaintiff was assigned to promote Assurance Wireless cell phones and wireless service plans for Credico's client Sprint/United Management Company, Inc. Plaintiff entered into a contract with Cromex to provide these services, of which Credico was a third-party beneficiary.

21. Plaintiff thus performed core work necessary to Credico and Cromex's business, namely providing face-to-face marketing services.

22.     While working for Credico and Cromex, Plaintiff was required to follow Credico's Management Training Program, which set out a highly regimented daily schedule for his work and required him to follow a specific script when approaching potential customers.

23.     In addition, Plaintiff was instructed by Cromex and its agents in the details of his job performance and the hours and locations at which he was required to work.

24.     Plaintiff was required to report to the Cromex office each morning for mandatory team meetings and training sessions.  At the end of these meetings, Plaintiff received a tablet, issued by Credico, which he used to sign up customers for the day.

25.     Cromex assigned Plaintiff to a street location at which he was supposed to sign up customers for the day.

26.     Plaintiff was often accompanied to his assigned street location by a more experienced worker who supervised Plaintiff's performance during his shift.

27.     At the end of his shift, Plaintiff was required to report back to the Cromex office at a set time in the evening to participate in a mandatory meeting to cover the workers' number of sign-ups for the day.

28.     Credico and Cromex set a weekly target number of sign-ups which Plaintiff was required to meet, and tracked his weekly sign-ups via Credico's online portal.  Plaintiff could be terminated for failure to meet these targets.

29.     By virtue of the extensive control Credico and Cromex exerted over him, Plaintiff was jointly employed by Credico and Cromex.

   **C.  Plaintiff's Termination in Retaliation for Filing his Complaint**

30.     In July 2015, Plaintiff joined three other individuals in filing a wage-and-hour action, charging that Defendants had misclassified themselves and other similarly situated workers

throughout the country as independent contractors, and in so doing, had failed to pay minimum wage and overtime for hours worked over 40, in violation of the FLSA and New York Labor Law.  The Complaint named Credico, Cromex, and Meixi Xu as defendants.  Mr. Zheng was the only named Plaintiff in the Vasto action who was still working for Defendants at the time the complaint was filed.

31. Shortly after the complaint in that case was filed, Plaintiff was informed by his direct supervisor, Fabio Turbio, an Assistant Manager at Cromex, that Cromex and Meixi Xu were aware of the class and collective action, and that he had been terminated.

32. As the owner/director of Cromex who supervised Plaintiff's work on a daily basis, Defendant Meixi Xu was directly involved in the decision to terminate Plaintiff.

33. Plaintiff's termination was in direct retaliation for filing a wage and hour case and exercising his rights under the FLSA and the New York Labor Law.

## COUNT I

### RETALIATION IN VIOLATION OF FLSA

34. Defendants Credico, Cromex and Meixi Xu terminated Plaintiff in retaliation for filing a wage and hour case and asserting claims under the FLSA.  These retaliatory actions violate the FLSA, 29 U.S.C. § 201 et seq.

## COUNT II

### RETALIATION IN VIOLATION OF NEW YORK LABOR LAW

35. Defendants Credico, Cromex and Meixi Xu terminated Plaintiff in retaliation for filing a wage and hour case and asserting claims under the New York Labor Law.  These retaliatory actions violate the NYLL, Article 20-C § 740.

## COUNT III

TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

36.    In February 2015, Plaintiff entered into a valid contract with Cromex to "market and promote various products and services."

37.    Pursuant to this agreement, Plaintiff marketed and promoted products and services for Credico's client Sprint/United Management Company, Inc.  Credico was a third-party beneficiary of Plaintiff's agreement with Cromex.

38.    Defendant Xu was aware of Plaintiff's contract with Cromex, as she signed this agreement in her capacity as Cromex's Director.

39.    Defendant Xu intentionally procured Cromex's breach of contract with Plaintiff by instructing Plaintiff's direct supervisor to terminate the agreement in retaliation for Plaintiff's filing of a wage and hour complaint against Defendants.

40.    Plaintiff incurred damages in the form of lost back pay, front pay, and emotional distress as a result of Defendant Xu's actions.

## JURY DEMAND

Plaintiff requests a trial by jury on all of his claims.

**WHEREFORE**, Plaintiff requests that this Court enter the following relief:

1. Restitution of all back pay and front pay;

2. Damages for emotional distress;

3. Pre- and post-judgment interest;

4. Liquidated damages;

5. Treble damages;

6. Attorneys' fees and costs; and

7. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

XIAOJ ZHENG,

By his attorneys,

/s/ Jill Kahn_____
Harold L. Lichten (*pro hac vice anticipated*)
Jill Kahn
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llraw.com
jkahn@llrlaw.com

James B. Zouras (*pro hac vice anticipated)*
Ryan F. Stephan (*pro hac vice anticipated*)
STEPHAN ZOURAS, LLP
205 N. Michigan Ave, Suite 2560
Chicago, IL  60601
(312) 233–1550
JZouras@stephanzouras.com