DC SDNY
CUMENT
CTRONICALLY FILED
C #: _____
DATE FILED: 4/25/18

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

XIAOJ ZHENG,                          :
                                         17 Civ. 0168 (HBP)
            Plaintiff,                :
                                         OPINION
    -against-                         :  AND ORDER

CROMEX, INC. and MEIXI XU,            :

            Defendants.               :

-------------------------------------X
```

PITMAN, United States Magistrate Judge:

I held a lengthy settlement conference in this matter on March 27, 2018 that was attended by the parties and their counsel. A settlement was reached at the conference and all the material terms of the settlement were placed on the record in open court. This matter is before me on the parties' joint application to approve the settlement All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff alleges that he was employed by Cromex, Inc., a telecommunications marketing company owned by Meixi Xu, from February of 2015 until August of 2015. Plaintiff further alleges that he was the subject of an unlawful retaliatory termination by Cromex nine days after he and three other individuals filed a

wage-and-hour claim against defendants.[1] Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and seeks to recover lost wages and liquidated damages. According to plaintiff's damages calculations, plaintiff estimates he could potentially collect $34,484 in total damages, exclusive of attorneys' fees and costs.[2]

Defendants contend that plaintiff was never terminated from Cromex. Defendants allege that plaintiff went on an unpaid medical leave for approximately 22 days and chose to never return to work.

After a protracted discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for a total settlement of $15,000 payable as follows:

$3,000 within 120 days of settlement approval

$3,000 within 240 days of settlement approval

---

[1] That action, Vasto v. Credico (USA) LLC, 15 Civ. 9298, is still pending before the Honorable Paul A. Engelmayer, United States District Judge. Plaintiff also initially filed this action against defendant Credico (USA) LLC, a company with a contractual relationship with Cromex, and asserted several claims under the New York Labor Law (the "NYLL"). Plaintiff later amended his complaint to delete the NYLL claims and to dismiss Credico as a defendant. Credico remains a defendant in the related Vasto litigation.

[2] This includes plaintiff's approximation of $17,242 in lost wages and $17,242 in liquidated damages.

2

$3,000 within 360 days of settlement approval

$2,000 within one year and 90 days of settlement approval

$2,000 within one year and 180 days of settlement approval

$2,000 within one year and 270 days of settlement approval

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA]

3

> settlement is fair and reasonable, a court should
> consider the totality of circumstances, including but
> not limited to the following factors: (1) the
> plaintiff's range of possible recovery; (2) the extent
> to which the settlement will enable the parties to
> avoid anticipated burdens and expenses in establishing
> their claims and defenses; (3) the seriousness of the
> litigation risks faced by the parties; (4) whether the
> settlement agreement is the product of arm's length
> bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $10,000 after attorneys' fees and costs -- represents approximately 29% of his total alleged damages. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. This matter was settled prior to the start of formal discovery, which would have led to protracted

4

and costly litigation, likely involving depositions and extensive document production. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. There were several factual disputes between the parties with respect to whether plaintiff was in fact terminated by Cromex and, if so, whether he was terminated for his attendance or performance and whether defendants had knowledge of the wage-and-hour lawsuit prior to his termination. Given the fact that plaintiff bears the burden of proof and the lack of documentary evidence to support his claims, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the conference at which the settlement was reached, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at the settlement conference after a lengthy negotiation.

The parties also agreed to execute mutual general releases, except with respect to the claims being litigated in the related pending action, <u>Vasto v. Credico (USA) LLC</u>, 15 Civ. 9298. General releases are permissible in FLSA settlements where

plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual. See Snead v. Interim HealthCare of Rochester, Inc., 16-CV-06550 (EAW), 2018 WL 1069201 at *6 (W.D.N.Y. Feb. 26, 2018); Geskina v. Admore Air Conditioning Corp., 16 Civ. 3096 (HBP), 2017 WL 1743842 at *2 (S.D.N.Y. May 3, 2017) (Pitman, M.J.); Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.); Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.). General mutual releases in cases "with former employees who have no ongoing relationship with the employer, make[] sense in order to bring complete closure" in FLSA settlements. Souza v. 65 St. Marks Bistro, supra, 2015 WL 7271747 at *5. Broad general releases of non-FLSA claims can be acceptable where the release of claims is binding on both plaintiffs and defendants because the mutuality cures the "concern[] that the waiver unfairly benefits only Defendants." Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, supra, 2016 WL 922223 at *2. Courts have found such releases are an effective way to ensure that "both the employees and the employer are walking away from their relationship up to

6

that point in time without the potential for any further disputes." Souza v. 65 St. Marks Bistro, supra, 2015 WL 7271747 at *5.

Plaintiff has not worked for defendants since August of 2015 -- more than a year before the filing of this action. Furthermore, I was able to observe plaintiff's and defendants' counsel during the March 27, 2018 settlement conference, and I am confident these general mutual releases were negotiated by competent counsel for both sides. Finally, the releases here are mutual because they bind plaintiff and defendants equally and they contain an exception for other FLSA claims still being litigated. Thus, I find the mutual general releases acceptable.

The settlement agreement provides that $5,000, or 33.3% of the total settlement, will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL

1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
April 25, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel